Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 7415 | **DATE** | 9/8/2000 |
| **CASE TITLE** | King Vision Pay Per View vs. Cantina, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] This cause coming before the Court on the Motion in Limine [106] by defendants Chris Lounge, Inc. and Christina Klimczyk ("Defendants") to preclude the use of the deposition of Conrad Baczynski taken on January 21, 1999 ("Baczynski's Deposition") as evidence in the trial of this action, the Court having considered the submissions by the parties on the motion, for the reasons set out herein, it is hereby ordered that said motion is DENIED.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 11 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | 108 |
| | Copy to judge/magistrate judge. | 00 SEP -8 PM 2:24 | SEP 11 2000 date mailed notice | |
| TW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KING VISION PAY PER VIEW, LTD., ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CANTINA, et al. ) <br> Defendants. ) <br> ) <br> ) <br> ) | Case No. 97 C 7415 <br><br> Magistrate Judge Geraldine Soat Brown |

**Memorandum Opinion and Order**

This cause coming before the Court on the Motion in Limine [106] by defendants Chris Lounge, Inc. and Christina Klimczyk ("Defendants") to preclude the use of the deposition of Conrad Baczynski taken on January 21, 1999 ("Baczynski's Deposition") as evidence in the trial of this action, the Court having considered the submissions by the parties on the motion, for the reasons set out herein, it is hereby ordered that said motion is DENIED.

SEP 11 2000

Plaintiff King Vision Pay Per View has listed the Baczynski's Deposition in the draft Pretrial Order indicating Plaintiff's intention to use that deposition or portions of it as evidence in the bench trial of this case scheduled for September 18, 2000. Defendants have objected on two grounds: First, that the Baczynski Deposition was taken in another case, entitled *KingVision Pay Pre View, Ltd v. 3600 Club*, 97 C 6002 (the "*3600 Club* Case") and no deposition of Mr. Baczynski was taken in this case; and second, that Defendants' counsel requested a postponement of the deposition from 1:00 p.m. to 4:00 p.m., but that the deposition proceeded at 1:00 p.m. without Defendants or their counsel being present.

/08

As a preliminary matter, Plaintiff has not shown that the conditions required by Fed. R. Civ. P. 32 and Fed. R. Evid. 804 for the admission of the Baczynski Deposition as evidence (for example, that the witness is unavailable) have been met. This Order is not a ruling that the Baczynski Deposition will be admitted as evidence. However, Defendants' arguments do not justify an order precluding the admission of the Baczynski Deposition. The Court will make necessary evidentiary rulings at the trial.

Fed. R. Evid. 804(b)(1) provides that if the witness is unavailable, the hearsay rule does not preclude the admission of

> [t]estimony given as a witness... in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination.

Defendant Chris Lounge, Inc. was a defendant in the *3600 Club* case at the time when the Baczynski Deposition was taken, and was represented in that case by the same attorney who represents it in this case. Defendant Christine Klimczyk was added to the *3600 Club* case by an amended complaint in May 1999 after the Baczynski Deposition was taken. However, the Third Amended Complaint in this case alleges that Klimczyk was the owner/manager of Chris Lounge, Inc., and her interest in the Baczynski Deposition would presumably be the same as that of Chris Lounge, Inc.

Defendants' argument about counsel's inability to attend the Baczynski Deposition is unclear and unpersuasive. Defendants' Motion in Limine states that when Defendants' counsel received the notice of the Baczynski Deposition "Defendants' counsel immediately asked Plaintiff to delay the deposition from 1:00 p.m. to 4:00 p.m. because counsel was out of town on an emergency . . ." However, Plaintiff's Response states that Defendants' counsel received two

notices of the deposition: a copy of the subpoena faxed to Defendants' counsel on December 22, 1998; and a confirming letter dated January 14, 1999 referring to the deposition scheduled for a week later, January 21, 1999. Defendants' Motion does not state when, or by whom, or how the request to delay was in fact communicated to Plaintiff's counsel. It is unclear how Defendants' counsel responded to the January 14th letter "immediately" by communicating that he would have an "emergency" out of town on January 21st. "Emergency" suggests something that came up on very short notice, not a week earlier.

In any event, the Defendants did not move for a protective order as provided in Fed. R. Civ. P. 32(a)(3), nor did Defendants seek to take Mr. Baczynski's deposition in connection with this case. It appears that the Defendants had an opportunity and motive to develop Mr. Baczynski's testimony and failed to do so. Thus, Defendants' Motion in Limine is DENIED.

IT IS SO ORDERED.

Geraldine Soat Brown
**United States Magistrate Judge**

**Dated: September 8, 2000**